UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 17-149** |
| | * | |
| **ROMAN WILLIAMS** | * | **SECTION "L"** |

### ORDER & REASONS

Pending before the Court is Defendant Roman Williams' motion seeking home confinement in light of the ongoing global outbreak of COVID-19. R. Doc. 34. The Government opposes the motion. R. Doc. 35. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

On October 5, 2017, Roman Williams appeared before this Court and pleaded guilty to counts one and two of a bill of information charging him with theft of government funds in violation of Title 18, United States Code § 641, and aggravated identify theft in violation of Title 18, United States Code § 1029A(a)(1). R. Doc. 21. On December 21, 2017, Mr. Williams was sentenced to forty-four months in the custody of the Bureau of Prisons. R. Doc. 31 at 1. Mr. Williams was also sentenced to two concurrent two-year terms of supervised release following his release from custody. R. Doc. 31 at 3. A $200 special assessment fee was also imposed. R. Doc. 31 at 5.

### II. PENDING MOTION

Mr. Williams has filed the instant *pro se* motion requesting that he be allowed to serve the remainder of his term of incarceration—under twelve months—in home confinement. R. Doc. 34. Mr. Williams explains that he is at risk of contracting the virus at the facility in which he is

1

incarcerated, which has open bays with "three man cells stacked up." R. Doc. 34. He also alleges that prisoners in the facility have been "stuck inside and not allowed even on the rec yard since March 4" because of the virus. R. Doc. 34. Further, Mr. Williams explains that he has completed over sixty percent of his sentence and has not had a disciplinary infraction in over two years. Mr. Williams also explains that he received two failures-to-appear while incarcerated, and that he has "filed ever motion possible in the past 2 yrs to deal with the situation but [he] was unsuccessful as [he] was not answered by neither court." R. Doc. 34. Although Mr. Williams' motion primarily addresses his desire to serve the remainder of his term of incarceration in home confinement, the Court construes the motion as a request for compassionate release under 18 U.S.C. § 3582(c).

The Government opposes the motion on the grounds that Mr. Williams has failed to exhaust his administrative remedies and failed to establish that he meets the criteria necessary to justify compassionate release or a sentence reduction. R. Doc. 35. The Government further contends that the authority to grant home confinement rests entirely with the Bureau of Prisons, not the Court. R. Doc. 35 at 21.

### III.  LAW & DISCUSSION

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c).

The statute clearly provides that inmates must pursue their administrative remedies before seeking judicial relief, either by exhausting all appeal rights regarding the failure of the BOP to move for compassionate release on the inmate's behalf or waiting thirty days from the making of

2

such a request to the prison warden. Courts in this district have generally recognized that this exhaustion requirement is mandatory. *See, e.g., United States v. James*, CM/ECF No. 13-85, R. Doc. 95 at 12 (E.D. La. Apr. 16, 2020) (denying compassionate release for failure to exhaust administrative remedies and observing that "[t]his Court agrees with the overwhelming majority of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any exceptions.") (collecting cases); *United States v. Celestine*, CM/ECF No. 18-83, R. Doc. 133 at 3 (E.D. La. Apr. 13, 2020) ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the [First Step Act].").

Courts in other jurisdictions have similarly concluded that a defendant must comply with the statutory text of § 3582(c)(1)(A) before filing a motion with the sentencing court, even in light of the ongoing global outbreak of COVID-19. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding that defendant must comply with the § 3582(c)(1)(A) requirement that the BOP have 30 days to consider his request for compassionate release, or that he receive an adverse decision by the BOP constituting administrative exhaustion during that time period); *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic and the heightened risk at the Oakdale facilities, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Reeves requests."); *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (rejecting defendant's argument that 30-day requirement should be ignored during COVID-19 crisis); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)

3

(rejecting COVID-19 compassionate-release request "[b]ecause defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)"); *United States v. Williams*, No. JKB-15-0646, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying relief based on COVID-19 because "§ 3582(c)(1)(A) mandates that the defendant exhaust his or her administrative remedies prior to seeking relief in this Court").

The exhaustion requirement does not appear to be satisfied here. Although Mr. Williams makes vague allegations about "fil[ing] every possible motion in the past 2 years," "tr[ying] all other filings" before "asking for [the Court's] help," and "me[eting] all of the criteria for release but still" being denied, it does not appear as though Mr. Williams has formally petitioned the warden of his facility to file a motion on his behalf as § 3582(c) clearly requires. The filings Mr. Williams references appear to be court filings challenging legal issues outside the scope of a motion for compassionate release. Moreover, the Government notes in opposition to the motion that "BOP maintains that Williams has never asked the warden for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)." R. Doc. 35 at 10. Accordingly, the Court concludes that Mr. Williams, who bears the burden of proof on this issue, has not demonstrated that he is entitled to seek relief from the Court at this juncture.

While some courts have recognized that futility may excuse the failure to exhaust administrative remedies, especially in light of "unique circumstances and the exigency of a rapidly advancing pandemic," *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020), other have remained faithful to the statutory text and rejected similar arguments, *see, e.g.*, *Eberhart*, 2020 WL 1450745, at *2. Even if courts can waive the exhaustion requirement when pursuing administrative remedies would be futile, Mr. Williams has not even alleged, let alone demonstrated, that taking such steps would be futile in his case. The Court

4

recognizes the dire situation within federal correctional institutions in this unprecedented situation but notes that the BOP has implemented a number of COVID-19-related protocols aimed at protecting inmates and staff. R Doc. 424 at 14. The Attorney General has instructed the BOP to prioritize home confinement[1] and has specifically expanded opportunities for home release in light of the virus.[2] Furthermore, allowing the BOP to evaluate the merits of Mr. Williams' request for compassionate release before directing the motion to the Court is an efficient use of judicial resources, as the BOP is in the best position to understand both the specific threat posed to Mr. Williams' health by the virus' spread within the facility and the potential consequences of his early release. Although the Court recognizes the urgency of Mr. Williams' request, it lacks the authority to defy the statutory mandate.

Lastly, to the extent Mr. Williams seeks not a reduction of his sentence but only to serve the remainder of his term of imprisonment in home confinement, the Court lacks the ability to grant such a request. The authority to order home confinement rests exclusively with the BOP. *See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that such a designation "is not reviewable by any court"); 18 U.S.C. § 3624(c)(2) (allowing the BOP to "place prisoners with lower risk levels and lower needs on home confinement" for the final months of a term of incarceration to "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but . . . only the Bureau of Prisons has the actual authority to designate the place of incarceration.");

---

[1] Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.
[2] Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

5

*see also* 18 U.S.C. § 3622 (authorizing the BOP to grant temporary release in certain circumstances). Although the Attorney General has directed the BOP to prioritize home confinement pursuant to Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), the decision to place an inmate on home confinement is still vested with the BOP, not the courts. Accordingly, the Court is unable to grant Mr. Williams the relief he requests.

## IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Mr. William's motion for compassionate release, R. Doc. 34, is **DENIED** without prejudice to his right to re-file the motion once the applicable administrative remedies have been exhausted or if he can adequately address the deficiencies in the original motion.

New Orleans, Louisiana this 3rd day of June, 2020.

_____
Eldon E. Fallon
United States District Judge