UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| | * | |
| VERSUS | * | NO. 17-149 |
| | * | |
| ROMAN WILLIAMS | * | SECTION "L" |

### ORDER & REASONS

Pending before the Court is Defendant Roman Williams' motion seeking reconsideration of the Court's Order and Reasons dated June 4, 2020, in which Mr. William's request for compassionate release was denied. R. Doc. 38. The government opposes the motion. R. Doc. 35. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

**I.      BACKGROUND**

On October 5, 2017, Roman Williams appeared before this Court and pleaded guilty to counts one and two of a bill of information charging him with theft of government funds in violation of Title 18, United States Code § 641, and aggravated identify theft in violation of Title 18, United States Code § 1029A(a)(1). R. Doc. 21. On December 21, 2017, Mr. Williams was sentenced to forty-four months in the custody of the Bureau of Prisons. R. Doc. 31 at 1. Mr. Williams was also sentenced to two concurrent two-year terms of supervised release following his release from custody. R. Doc. 31 at 3. A $200 special assessment fee was also imposed. R. Doc. 31 at 5.

**II.     PENDING MOTION**

On June 4, 2020, the Court denied Mr. Williams' *pro se* request for compassionate release in light of the ongoing global pandemic without prejudice to his right to refile the motion after having exhausted the applicable statutory remedies under 18 U.S.C. § 3582(c)(1).

1

Before Mr. Williams received a copy of the Order, he sent a letter to the Court intending to reply to the government's opposition. R. Doc. 38. Because the Order had already been issued, the Court construed the communication as a motion for reconsideration and ordered the government to respond. R. Doc. 38.

In the motion, Mr. Williams contends the ongoing global pandemic and the BOP's inability to protect the health and safety of inmates at his facility constitute extraordinary and compelling circumstances warranting compassionate release.[1] Mr. Williams further contends that this Court has authority to grant compassionate release despite his failure to exhaust administrative remedies, and cites a number of district court cases from the Southern District of New York as support. *Id*. at 6. He suggests that although he does not personally suffer from a medical condition that places him at immediate risk of contracting the virus, conditions within the prison related to the virus pose a serious threat to all inmates. He explains that although the first wave of compassionate release motions was correctly aimed at releasing the elderly and infirm, "it has not been enough. It is vital, then, that the BOP and where it fails to do so, the courts—modify the sentences of other inmates as well." *Id*. at 8. He argues that as a "model prisoner, who has served three-quarters of his sentence, poses no threat to the community, and has secured employment even during a Pandemic," he is "precisely the sort of inmate that merits release." *Id*. He concludes by explaining that consideration of the § 3553(a) factors weigh in favor of granting his release because he has

---

[1] Specifically, Mr. William alleges that he shares a single bathroom and shower area with over seventy men. He explains that during the day, these men mill around the dorm and common areas because they have been denied outdoor recreational time since April 1. The prion does not enforce social distancing measures, nor does it distribute hand sanitizer or soap to inmates, instead requiring them to purchase these supplies from the commissary "with their own, limited funds." R. Doc. 38 at 3. He contends corrections officers "move in and out of the dorm, interacting in close proximity with the inmates, often without masks." *Id*. Mr. Williams further notes that the BOP's statistics regarding COVID infections in the facility are "entirely meaningless" because few, if any, inmates have been tested. *Id*.

been successfully rehabilitated, taken numerous classes, and has had no disciplinary infractions in two years. *Id*.

The government opposes the motions on the grounds that Mr. Roman has not established that the Court's decision to deny his request was wrong or constituted an abuse of discretion. R. Doc. 39 at 2.

On July 13, 2020, the Court received another letter from Mr. Williams, which it construes as a reply to the government's opposition. In the letter, Mr. William explains that cases of COVID-19 have recently spiked in Georgia and that the BOP has indicated that the lockdown of his facility will continue into 2012. He suggests that if any testing were available in the facility, it would indicate the presence of the virus.

### III.   LAW & ANALYSIS

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c).

In its June 4, 2020 Order and Reasons, the Court construed the statute as requiring Mr. Williams to petition the warden of his facility to bring a motion on his behalf and either (1) exhaust all rights to appeal a warden's decision not to do so, or (2) wait thirty days before filing his motion with the Court. R. Doc. 36. Finding that Mr. Williams had not complied with this requirement, the Court dismissed his motion without prejudice. *Id*.

Mr. Williams contends reconsideration is warranted because the Court has the authority to waive the exhaustion requirement when requiring compliance would be futile. In support, he cites

3

a number of cases from district courts within the Second Circuit.[2] Although that may be the legal trend in the minority of district courts, courts within the Eastern District of Louisiana have consistently rejected this argument. *See, e.g.*, *United States v. Lee*, No. CR 17-204, 2020 WL 3490437, at *2 (E.D. La. June 26, 2020) ("[T]his Court agrees with the position taken by other sections of the Eastern District of Louisiana, *i.e.* that failure to meet the so-called "exhaustion" requirements of 3582(c)(1)(A) forecloses the avenue to relief."); *United States v. Nevers*, No. CR 16-88, 2020 WL 3077034, at *3 (E.D. La. June 10, 2020) ("Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions."); *United States v. James*, CM/ECF No. 13-85, R. Doc. 95 at 12 (E.D. La. Apr. 16, 2020) (denying compassionate release for failure to exhaust administrative remedies and observing that "[t]his Court agrees with the overwhelming majority of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any exceptions."); *United States v. Celestine*, CM/ECF No. 18-83, R. Doc. 133 at 3 (E.D. La. Apr. 13, 2020) ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the [First Step Act]."). Additionally, this position is contrary to the great weight of authority in other circuits and contrary to the holdings of the only two appellate courts that have addressed the issue. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding that

---

[2] For example, Mr. Williams cites *United States v. Haney*, in which the court concluded that § 3582(c)(1)(A) is a claims-processing rule, nor a jurisdictional bar. No. 19-CR-541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). Further, the court reasoned that the exhaustion requirement was waivable because the statute's "hybrid requirement—either exhaust or wait thirty days—substantially reduces the importance of [protecting administrative agency authority], as it allows a defendant to come to court before an agency has rendered a final decision." *Id*. The court continued that the alternative of waiting thirty days "unquestionably reflects" congressional intent that a defendant "have the right to a meaningful and prompt judicial determination of whether he should be released." *Id*. (quoting *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294 (S.D.N.Y. Apr. 3, 2020)). The court concluded that Congress's intent to provide "meaningful and prompt juridical resolution is best served" by waiving the exhaustion requirement in light of the "extraordinary circumstances now faced by prisoners as a result of the COVID-19 virus and its capacity to spread in swift and deadly fashion." *Id*. at *3–4.

defendant must comply with the § 3582(c)(1)(A) requirement that the BOP have 30 days to consider his request for compassionate release, or that he receive an adverse decision by the BOP constituting administrative exhaustion during that time period); *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (requiring petitioner to comply with § 3582(c)(1)(A)'s exhaustion requirements before seeking compassionate release from the court); *James*, CM/ECF No. 13-85, R. Doc. 95 at 12 n. 79 (E.D. La. Apr. 16, 2020) (collecting cases).

Accordingly, the Court declines to reconsider its June 4, 2020 Order and Reasons and reaffirms its position that Mr. Williams must exhaust his administrative remedies as required by § 3582(c)(1)(A) before filing a motion for compassionate release himself.

IV. **CONCLUSION**

Because Mr. Williams has not petitioned the warden of his facility to bring a motion on his behalf, the Court is unable to consider the merits of his request. Accordingly,

**IT IS ORDERED** that his motion to reconsider is **DENIED**. The Court emphasizes that Mr. William's retains the right to re-file his motion once he has petitioned the warden of his facility to file a motion on his behalf and exhausted all appeal rights regarding a failure to do so or waited thirty days from making such a request.

New Orleans, Louisiana this 14th day of July, 2020.

_____
Eldon E. Fallon
United States District Court